Robert LEIGH, Plaintiff-Appellant,

v.

The UNITED STATES of America,
Defendant-Appellee.

No. 76–3192.

United States Court of Appeals,
Ninth Circuit.

Nov. 9, 1978.

Raymond J. Conboy (argued), of Pozzi, Wilson & Atchison, Portland, Or., for plaintiff-appellant.

Charles H. Turner, Asst. U. S. Atty. (argued), Portland, Or., for defendant-appellee.

Before VAN DUSEN,* WRIGHT and GOODWIN, Circuit Judges.

PER CURIAM:

On June 7, 1972, Leigh brought this action in negligence under the Federal Tort Claims Act. The district court dismissed because it was barred by Leigh's contributory negligence. Leigh appeals, contending that Oregon's newly-enacted comparative negligence statute applies retroactively to his claim. We affirm the judgment of the district court.

On June 11, 1970, Leigh was seriously injured when the automobile he was driving collided with the exposed trailing end of a guardrail constructed by the Bureau of Public Roads of the Commerce Department

* Senior Circuit Judge for the Third Circuit.

on U. S. Highway 26 in Oregon. A year later the Oregon legislature enacted a comparative negligence statute which eliminated the common law doctrine of contributory negligence as a total bar to a negligence claim. 1971 Or. Laws ch. 668 § 1.

Leigh sued under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2674, alleging negligent design, construction, and maintenance of the highway. The case was tried without a jury in November 1973. After the presentation of plaintiff's evidence, the district judge concluded that Leigh was guilty of contributory negligence[1] and granted the government's motion to dismiss. Leigh appealed.

While the appeal was pending before this court, the Oregon Legislature enacted an amended version of the comparative negligence statute which applies retroactively to "all actions tried subsequent to its effective date." 1975 Or. Laws ch. 599 § 6. We remanded to the district court for a determination of the applicability of the new statute.

It held that the amended statute did not apply to Leigh's action because it was tried before the effective date of the amendment, September 12, 1975.[2] The court entered a judgment of dismissal from which Leigh appeals.

■ This action is governed by the substantive law of Oregon, the site of the alleged wrongful conduct. 28 U.S.C. § 2674. Leigh concedes that Oregon's original comparative negligence statute, enacted in 1971, operated purely prospectively and could not be applied to his cause of action which arose in 1970. *See Joseph v. Lowery*, 261 Or. 545, 547, 475 P.2d 273, 276 (1972). However, he argues that the district court construed too narrowly the word "tried" in

the amended statute, and that the statute applies to any action still pending on appeal on the effective date of the amendment.

■ We conclude that the district court correctly construed the amended statute to apply only to those cases actually litigated in the trial court after the statute's effective date.[3]

The Oregon Supreme Court has long held that a statute generally will not be construed to operate retroactively or to interfere with pending judicial proceedings unless the legislature clearly expresses a contrary intent. *Hemstreet v. Warlick*, 281 Or. 579, 586 n. 3, 576 P.2d 1 (1978); *Rice v. Douglas County*, 93 Or. 551, 560, 183 P. 768, 771 (1919). Moreover, that court strictly construes any Oregon statute which imposes a liability where none would otherwise exist. *Hillman v. Northern Wasco Co. PUD*, 213 Or. 264, 309, 323 P.2d 664, 686 (1958). The district court was compelled by these rules to reject a liberal construction of the amended statute which would allow it to operate retrospectively to a degree beyond that dictated by the normal meaning of the language of the statute.

The district court's interpretation of the word "tried" is consistent with its normal or common meaning. When a statutory or judicial rule of law turns on the scope of "the trial," courts have commonly defined the terms "trial" or "tried" to comprehend the judicial examination of issues of law or fact up to the time of judgment in the trial court and not including appeal. *E. g., People v. McKamy*, 168 Cal. 531, 535–36, 143 P. 752, 754 (1914); *Rose v. International Brotherhood of Electrical Workers*, 58 Cal. App.3d 276, 279, 129 Cal.Rptr. 736, 737 (1976). The Oregon Legislature has itself

---

**1.** The judge found:

I would have held at this point that the accident was caused 55 per cent by the Government's negligence and 45 per cent by the plaintiff's own contributory negligence.

**2.** The Oregon Supreme Court has stated that the effective date of the amended statute is September 13, 1975. *Thompson v. Weaver*, 277 Or. 299, 304, 560 P.2d 620, 623 (1977).

**3.** Leigh does not urge us to, and we decline to, engage in the circular reasoning required to find that the district court's consideration on remand of the applicability of the amended statute constituted part of the "trial" occurring after that statute's effective date. A different question would be presented if the case had been remanded for further trial proceedings on grounds other than the failure to apply the comparative negligence statute.

drawn a distinction between "the trial" and "appeal," in a procedural statute, Or.Rev. Stat. § 12.220 (1961).[4]

In a final effort to discredit the statutory construction adopted by the district court, Leigh contends that the statute, as construed, deprives him of equal protection of the laws by creating an arbitrary classification based on the fortuitous date on which his case came to trial. This contention is without merit. The Oregon Legislature could rationally decide that it was in the state's best interest to limit retroactivity to those cases litigated in the trial court after its effective date. *See McGowan v. Maryland,* 366 U.S. 420, 425–26, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1960).

AFFIRMED.

---

4. This section provides in part:
   [I]f an action is commenced within the time prescribed therefor and the action is dis-

missed upon the trial thereof, or upon appeal
.   .   . .