612 P.2d 52

STATE of Arizona, Appellee,

v.

Larry Dennis FERRELL, Appellant.

No. 4890.

Supreme Court of Arizona,
In Banc.

May 14, 1980.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Gerald R. Grant, Asst. Attys. Gen., Phoenix, for appellee.

Gregory R. Jordan, Phoenix, for appellant.

STRUCKMEYER, Chief Justice.

Appellant was indicted for possession of marijuana for sale and for the sale of marijuana. Appellant entered a plea of no contest to the offense of the sale of marijuana and was sentenced to three months incarceration in the Maricopa County Jail, a $190.00 fine, and five years probation. Appellant appeals both the conviction and the sentence. We accepted jurisdiction pursuant to 47(e)(5), Rules of the Supreme Court. Affirmed.

The material facts of this case are not in substantial dispute. On September 15, 1978, appellant sold a small amount of marijuana to a Maricopa County Sheriff's Department narcotics officer. On September 22, 1978, he tried to sell five pounds of marijuana to the same officer for a price of $2,250.00. He was arrested and subsequently indicted for possession of marijuana for sale and for the sale of marijuana. On March 1, 1979, a plea agreement was entered into whereby appellant agreed to plead no contest to Count II of the indictment, sale of marijuana, a felony, and the State agreed to dismiss Count I of the indictment, possession of marijuana for sale. The trial court questioned appellant in open court regarding the plea agreement and advised him of his constitutional rights which he would waive by entering into a plea agreement. Following the prosecutor's

**2**

avowal of evidence against appellant, the court accepted the plea of no contest upon a finding that the plea agreement was knowingly, intelligently and voluntarily made.

◼ Appellant alleges three errors on appeal. The first two can be consolidated into a single issue, namely, whether the no contest plea to the crime of sale of marijuana was rendered involuntary and unintelligent due to an incorrect statutory reference in both the plea agreement itself and the court proceedings. The incorrect statutory reference was to § 36–1002.05, A.R.S., rather than the correct statute, § 36–1002.07, A.R.S. However, we think the error was of a technical nature and not prejudicial.

The record establishes that the grand jury indictment, "COUNT I: POSSESSION OF MARIJUANA FOR SALE" and "COUNT II: SALE OF MARIJUANA, felonies", correctly designated statutory names of the offenses. In addition, the correct statutory reference was included in Count II, the Count to which appellant entered his plea, to wit: "LARRY D. FERRELL did then and there unlawfully sell marijuana, all in violation of A.R.S. Secs. 36–1002.07 and 36–1002.10."

The plea agreement erroneously provided that defendant agreed to plead no contest to "Count II, Sale of Marijuana, a felony, A.R.S. 36–1002.05 & 36–1002.10." If the correct reference in "Count II" of the indictment to the statutory citation was not alone enough to cure any error, the subsequent description of the offense in the plea bargain as the "Sale of Marijuana" and that such offense was a "felony" together preclude any possible misunderstanding as to what offense the plea was aimed.

A.R.S. § 36–1002.05 at the time of the offense dealt with growing, processing and possessing marijuana. Further, § 36–1002.-05 was not a felony as defined by A.R.S. § 13–103 (subsequently repealed).

The lower court, before accepting the plea agreement, questioned the appellant as follows:

"THE COURT: Now, according to the plea agreement you have agreed to enter a plea of no contest to the crime of sale of marijuana, a felony, as charged in Count II of the indictment, is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: Count II of the indictment filed in this case charges that in Maricopa County on or about September 15, 1978 that you then and there unlawfully sold marijuana in violation of the Arizona Revised Statutes. Do you understand the charge?

THE DEFENDANT: Yes, sir.

THE COURT: And that is the charge to which you agree to enter a plea of no contest?

THE DEFENDANT: Yes, sir."

On this record, there is no basis for a conclusion that appellant's plea was unintelligent and, hence, involuntarily made.

◼ The final assertion of error is that the appellant was denied due process and equal protection of the law because of the enactment of the new criminal code which became effective October 1, 1978. Appellant recognizes that the provisions of the new criminal code do not apply to an offense committed prior to the effective date of its enactment (Laws 1977, Ch. 142, § 179), however he argues that since the sale of marijuana under the new criminal code is not punishable by the "same extreme sanctions * * * the defendant is, in effect, charged with an offense which is critically altered as to severity compared to the present state of the law * * *." Appellant cites to no legal precedent for his position that this denies him due process or equal protection of the law. We conclude that appellant's constitutional rights were not violated.

Judgment affirmed.

HOLOHAN, V. C. J., and HAYS, CAMERON and GORDON, JJ., concur.