**ESTATE OF Longino SANTOS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 80–1672.**

United States District Court, D. Puerto Rico.

Sept. 24, 1981.

---

984

Harry A. Ezratty, San Juan, P. R., for plaintiff.

Raymond L. Acosta, U. S. Atty., Hato Rey, P. R., for defendant.

## OPINION AND ORDER

GIERBOLINI, District Judge.

Plaintiff brought this action against the United States under the Federal Tort Claims Act (F.T.C.A.), 28 U.S.C. Sections 2671–2680, to recover damages caused by the alleged negligence and malpractice of defendant's agents and/or employees at two United States Public Health Service clinics in New York and San Juan, and at the Presbyterian Hospital in Condado, Puerto Rico. Defendant now moves the court to dismiss the action on two grounds: (1) that plaintiff has no personality to sue or be sued, and (2) that plaintiff has not exhausted his administrative remedies, contrary to the F.T.C.A., 28 U.S.C. Section 2675(a).

We shall discuss both issues raised by defendant separately.

### I

Defendant alleges that this case should be dismissed because it was instituted by a succession which, according to the law of Puerto Rico, does not have capacity to sue or to be sued.

The capacity to sue is to be judged by the law of the state in which the federal district court sits. Rule 17(b) of the Federal Rules of Civil Procedure, *Young v. Pattridge*, 40 F.R.D. 376 (1966, D.C.Miss.). We should, therefore, determine the applicable state law regarding successions in Puerto Rico.

■ Under Puerto Rican law a succession by itself does not have capacity to sue or to be sued and has no existence as a juridical person. *Paine v. Secretary of the Treasury*, 85 P.R.R. 787 (1962); *Danz v. Suau*, 82 P.R.R. 591 (1961); *Fuentes v. District Court*, 73 P.R.R. 893 (1952); *Godreau v.*

*Godreau & Co.*, 64 P.R.R. 310 (1944). If a succession intends to sue or is to be sued, the names of the persons composing the same must be expressed individually and in detail. *Heirs of Belaval v. Acosta*, 64 P.R.R. 104, 106 (1944). In other words, although a succession may be a party plaintiff, the names of the persons who compose it must be alleged. *Arvelo et al. v. Banco Territorial y Agricola*, 25 P.R.R. 677 (1917).

From what has been said, it is clear that if the members of a succession are not particularized in a suit initiated by the succession as such, the complaint has to be dismissed, since a succession has no juridical existence.

■ In the present case, the members of the estate were not individualized in the caption of the complaint but their names were stated in paragraph 2 of the complaint. We conclude that by mentioning and describing the members of the succession in paragraph 2, plaintiff individualized or particularized the succession and thus substantially complied with the requisites of the *Arvelo* and *Heirs of Belaval* cases, *supra*. The fact that the names of the persons composing the succession were not included in the heading of the complaint is not of much importance. Certainly, it does not have the relevance claimed by defendant and, consequently, should not cause the dismissal of this action as requested. See *Marston v. American Employers Ins. Co.*, 439 F.2d 1035 (1971), where the court declined to accept the defendant's defense of capacity to sue since "the improper pleading did not prejudice (defendant) in any way; from the outset (defendant) knew who were the real parties in interest and what their claims were." Defendant in the present case already knows who the plaintiffs are. That is sufficient.

### II

We now turn to the second argument raised by defendant. Its contention that the action should be dismissed for failure to exhaust the administrative remedy is predicated on the fact that the administrative

claim presented to the agency was filed under the name of Longino Santos, who was deceased at the time of the filing. Defendant argues that administrative remedies were not exhausted because it was the deceased, and not his wife or estate, who presented the claim to the appropriate administrative agency. Let us examine this issue.

■ Title 28 U.S.C. § 2675 [1] requires the exhaustion of the administrative remedy provided therein prior to the filing of an action in a district court. A negligence action against the United States cannot be sustained unless claimant has presented a claim to the appropriate federal agency and said claim has been denied. *Cline v. Herman*, 601 F.2d 374 (8th Cir. 1979). Consequently, the claim requirement under 28 U.S.C. § 2675 is jurisdictional in nature. *House v. Mine Safety Appliances Co.*, 573 F.2d 609 (9th Cir. 1978), cert. den., 439 U.S. 862, 99 S.Ct. 182, 58 L.Ed.2d 171.[2]

■ In the instant case, the name of Longino Santos (deceased) appears in the space designated for the "claimant" on the government's official form (GSA Form 95–105),[3] which is a model of brevity. Even though it is apparent that a deceased person was listed as claimant, it is also true that the agency in this case was fully aware that it was the decedent's wife who was actually pursuing the claim. This clearly arises from a letter sent by a Philadelphia law firm on behalf of Mrs. Santos advising the agency that it was to represent "the widow of the above named seaman, who passed away on 10/25/75." [4] Furthermore, the administrative determination letter of March 28, 1980 signed by the agency's Chief of the Litigation and Claims Branch in which it is conceded that "the deceased" is represented by the Philadelphia law firm,[5] leaves no room for doubt as to the fact that the widow's rights were the ones being adjudicated.

The government's contention as to Mrs. Santos (the widow) cannot prevail since the courts are unwilling to permit the United States to stand on technicalities once a claim has been filed. *Locke v. United States*, 351 F.Supp. 185 (D.C.D.Hawaii 1972). Additionally, the claim submitted by her contains all the requirements of the statute, and provides adequate notice to the agency handling the case. *Locke v. United States*, supra. We conclude that the widow exhausted her administrative remedies.

Now we must determine if the other members of the succession of Longino Santos mentioned in paragraph 2 of the complaint have exhausted the administrative remedy available to them pursuant to 28 U.S.C. § 2675.

Title 28 of the Code of Federal Regulations, Section 14.3(c), which regulates claims for wrongful deaths, states that:

"(c) A claim based on death may be presented by the executor or administrator of the decedent's estate, or by any other person legally entitled to assert such a claim in accordance with applicable state law."

Under Puerto Rican law, heirs succeed the deceased in all his rights and obligations by the mere fact of his death, 31 LPRA Section 2092. Therefore, any heir of the decedent could have filed a claim with the agency to recover for the alleged negligence of the defendant.

---

1.  Title 28 U.S.C. § 2675 provides in part:

    "(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing and sent by certified mail ..."

2.  See also *Bialowas v. United States*, 443 F.2d 1047 (3rd Cir. 1971); *Best Bearings Co. v. United States*, 463 F.2d 1177 (7th Cir. 1972); *Meeker v. United States*, 435 F.2d 1219 (8th Cir. 1970).

3.  See Exhibit II of plaintiff's Memorandum of Law.

4.  See Exhibit I of plaintiff's Memorandum of Law.

5.  See Exhibit III of plaintiff's Memorandum of Law.

Plaintiff argues that being the widow a forced heir according to state law [6] and a succession a common ownership of property ("comunidad de bienes"), a claim filed by one member of such community benefits all the other members.[7] The argument is that the widow's actions at the agency level had the effect of tolling the statute of limitations and of exhausting the administrative remedies in favor of all other members of the succession.

■■ Plaintiff misconstrues the point in contention in two different ways. First, under the FTCA, *each person* seeking personal damages for negligence of an employee of the Government must file an *individual* claim with the appropriate administrative agency, unless one of the claimants is legally entitled to assert such a claim on their behalf in accordance with applicable state law. 28 CFR 14.3. See *Walker v. United States*, 471 F.Supp. 38 (D.C.Fla. 1978), affirmed, 597 F.2d 770; *Lunsford v. United States*, 570 F.2d 221 (8th Cir. 1977). In view of the fact that Luis Longino Santos and Myrna Santos, children of the deceased, were adults at the moment their mother filed her administrative claim, they had to file their own individual claim in order to fulfill the jurisdictional requirement of 28 U.S.C. § 2675(a). If they had been unemancipated minors, the outcome could have been different. In such a case, *Locke v. United States, supra* and *Young v. United States*, 372 F.Supp. 736 (D.C.1974), cited by plaintiff, would have been applicable and no exhaustion would have been necessary on their part. See 31 LPRA 601 as to the duty of parents to represent their not emancipated children in the exercise of all actions which may redound in the benefit of such children. But, such is not the situation in the case before us since as stated above the children are now adults.[8]

Second, plaintiff's emphasis on 31 LPRA Sections 5304 and 5244 to the case at bar is misplaced. Those sections read as follows:

"Section 5304—Effect of interruption on other creditors or debtors and heirs of debtor.

Interruption of prescription of actions in joint obligations equally benefits or injures all the creditors or debtors.

*This provision is likewise applicable with regard to the heirs of the debtor in all kinds of obligations.*" (Emphasis supplied).

"Section 5244—Prescription by coproprietor or owner in common

Prescription acquired by a coproprietor or owner in common benefits all the others."

■ With respect to Section 5304, it is clear that said sections deals with heirs that are joint debtors. But even assuming that said statute includes heirs that are joint creditors, we find it is not applicable to the case at bar, since we now conclude that the benefit or injury produced by an interruption of prescription has to occur for the benefit of *deceased's* estate and not for the benefit of the patrimony of each heir. Let us see.

It is well settled that the government's liability is resolved by the law where the alleged tort occurred. *United States v. Muñiz*, 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963); *Pesantes v. United States*, 621 F.2d 175 (5th Cir. 1980); *Leigh v. United States*, 586 F.2d 121 (9th Cir. 1978). The Supreme Court of Puerto Rico has established that compensation for personal injuries received by a wife belongs to herself and not to the conjugal partnership shared with her husband. *Robles Ostalaza v. U. P. R.*, 96 P.R.R. 568 (1968). The valid reasoning supporting this ruling is that the property rightfully belonging to the conjugal partnership is that which is subject to entering into the commerce between individuals. "Since we are acquainted with the Spanish society which produced that Code

---

**6.** 31 LPRA 2362

**7.** 31 LPRA 5244, 5304

**8.** Upon this court's request, plaintiff submitted the birth certificates of the children of Longino Santos. In said certificates, it appears that

Luis Longino Santos and Myrna Santos were born on October 17, 1945 and November 27, 1950, respectively. Consequently, both were over 21 years of age at the time of their mother's claim.

and ours which adopted it, we have to conclude that the lawmaker did not include nor intended to include the body of the married woman, or of the husband, as the case may be, as a property subject to dealings between individuals. This is already one reason for thinking that the compensation received as the monetary equivalent of a lost or injured member of the body should be separate and not community property." *Robles Ostalaza v. U. P. R., supra*, at 573. This reasoning is also applicable to determine whether or not compensation for personal injuries suffered by a member of a succession belongs to that particular person or to the entity itself.

In the case at bar, Luis Longino Santos and Myrna Santos are trying to obtain compensation for personal damages suffered by them as individuals and not as members of the succession, i. e., "loss of a dear father", "great anguish and pain."[9] Compensation as claimed would not increase the deceased's estate. Such compensation, undoubtedly, belongs to each individual heir. We conclude that no joint obligation or credit will benefit or increase Longino Santos's estate as a result of a favorable ruling as to his two adult children. Therefore, Title 31 LPRA 5304 is not applicable to personal actions instituted under the F.T.C.A.

Section 5244, on the other hand, has not been interpreted by Puerto Rico's highest court. Nevertheless, we find this section is only applicable to situations in which an *acquisition* of a right is produced according to the prescription provisions of the Civil Code of Puerto Rico, 31 LPRA 5241 *et seq.*[10] Hence, the aforementioned section is not applicable to those situations in which a personal right is lost or *extinguished* because of the operation of a statute of limitations.

In view of all the above, we conclude that plaintiffs' arguments as to their alleged exhaustion of administrative remedies and tolling of the statute of limitations cannot prevail. We further add that since more than two years have elapsed since the death of their father without them filing the appropriate administrative claim, their action is now time-barred by the statute of limitations established in 28 U.S.C. § 2401(b).

Therefore, defendant's motion to dismiss is hereby GRANTED as to Luis Longino Santos and Myrna Santos. However, said motion is hereby DENIED as to Ramona Fuentes, widow of the deceased, who will remain as the sole plaintiff in the present case.

Since there is no just reason for delay, the Clerk is hereby instructed to enter final judgment as to Luis Longino Santos and Myrna Santos.

IT IS SO ORDERED.

---

9. See Paragraphs 11 and 12 of the complaint.

10. In this context, prescription signifies mode of acquiring ownership of property. It is a right by which a mere possessor acquires the ownership of a thing which he possesses by the continuance of his possession during the time fixed by law. See *Black's Law Dictionary*, Revised Fourth Edition (1968) page 1346.