*1085 OPINION

Per Curiam:

On May 2, 1991, appellant was convicted, pursuant to a guilty plea, of one count of possession of a controlled substance. The district court sentenced appellant to serve a term of five years in the Nevada State Prison. Appellant’s sentence was suspended and he was placed on probation, subject to certain conditions, for an indeterminate period not to exceed four years. Subsequently, on January 9, 1992, the district court modified appellant’s probation to include another condition, specifically, that he submit to the Department of Parole and Probation’s residential confinement program for an indeterminate period not to exceed 120 days. Appellant served in the program from January 28, 1992, to May 26, 1992.
On October 27, 1992, the district court issued an order revoking appellant’s probation. Appellant was given credit for 125 days time served. On January 20, 1993, appellant filed a proper person motion to amend his judgment of conviction to include residential confinement credits. On February 17, 1993, the district court issued an order denying the motion.
Appellant contends that the district court erred in denying his motion for credit for time served in residential confinement. We disagree. Appellant is not entitled to credit for time spent on probation outside of incarceration. Van Dorn v. Warden, 93 Nev. 524, 569 P.2d 938 (1977). The imposition of residential confinement as a condition of appellant’s probation is insufficient to change the character of his probation from a conditional liberty to actual confinement. Cf. Grant v. State, 99 Nev. 149, 659 P.2d 878 (1983). We conclude, therefore, that the district court did not abuse its discretion in denying appellant’s motion for credit for time served in residential confinement, and we affirm the judgment of the district court.