912 P.2d 1380

**STATE of Arizona, Petitioner,**

v.

**Thai Minh NGUYEN, Respondent.**

**No. 1 CA–CR 95–0202–PR.**

Court of Appeals of Arizona,
Division 1, Department D.

Jan. 25, 1996.

---

Richard M. Romley, Maricopa County Attorney by Arthur Hazelton, Deputy County Attorney, Phoenix, for Petitioner.

Dean W. Trebesch, Maricopa County Public Defender by Edward F. McGee, Deputy Public Defender, Phoenix, for Respondent.

## OPINION

LANKFORD, Judge.

The State of Arizona petitions this Court pursuant to Rule 32.9(c), Arizona Rules of Criminal Procedure, for review of the trial court's order granting in part the petition for post-conviction relief filed by defendant Thai Minh Nguyen. The trial court found that defendant was entitled to a disproportionality review of his sentence and ordered the Arizona Department of Corrections to commence the review process. We grant review and grant relief because this defendant is not entitled to the review.

Defendant was convicted of the sale of a narcotic drug, a class two felony, and received a mitigated sentence of 5.25 years. His conviction and sentence were affirmed by this Court's memorandum decision in *State v. Nguyen,* 1 CA–CR 91–0885 (Ct.App. April 15, 1993).

Defendant filed a petition for post-conviction relief alleging that he was denied equal protection of the laws under both the Fourteenth Amendment to the United States Constitution and the equal privileges and immunities clause of the Arizona Constitution, art. 2, § 13, because he is not eligible for disproportionality review under the current sentencing statutes.

The trial court found that defendant was denied equal protection of the laws, held that defendant was entitled to apply for disproportionality review and ordered the Arizona Department of Corrections to commence the review process. The State of Arizona filed a petition for review of this decision. Defendant also claimed that his trial counsel had been ineffective, but the trial court summarily dismissed that claim and defendant has not sought review.

Disproportionality review was created by the Legislature to equalize some of the disparity between sentences imposed under the former sentencing statutes and those imposed under the revised statutes. Laws 1994, Ch. 365, § 1, 1994 Ariz.Sess.Laws 2200, 2202. This statute gave the newly-created Board of Executive Clemency the authority to conduct disproportionality review of inmates' sentences. *Id.; see* Ariz.Rev.Stat. Ann. ("A.R.S.") § 31–401 (Supp.1995) (creating the Board). Those inmates who meet specified eligibility requirements may apply to have their sentences reduced or commuted, and after a hearing the Board may recommend to the Governor that a "clearly excessive" sentence be commuted or reduced if the Board finds that the offender will probably be law-abiding following release. Laws 1994 Ch. 365 §§ 1(B) & (F)(2), 1994 Ariz. Sess.Laws at 2201–02.

A defendant is eligible for disproportionality review only if the sentence he received under the old sentencing code was at least seven years. *Id.* at § 1(A)(6)(a), 1994 Ariz. Sess.Laws at 2201. Because defendant's sentence was 5.25 years, he is not eligible.

Defendant was sentenced under section 13–701 of the former sentencing Code.[1] Although section 13–701 provided a presumptive sentence of seven years, defendant's term was mitigated by the statutorily allowed 25%, to 5.25 years.[2] Under the old Code, defendant is not entitled to probation, pardon, parole, work furlough or release from confinement on any other basis.[3]

Under the new sentencing Code, defendant would have had at least the opportunity for more lenient treatment. Under the revised Code, defendant's presumptive term would have been five years, rather than seven under the old Code.[4] If there were mitigating factors, the new Code would have allowed a sentence of four years, rather than the 5.25 year mitigated term to which he was sentenced.[5] A finding of two substantial mitigating factors would have allowed the trial court to sentence defendant to three years.[6] Additionally, defendant would have been eligible for probation.[7] He would also have been eligible for earned release credits.[8]

Defendant argues that he is denied equal protection because no rational basis supports excluding from disproportionality review those persons—such as defendant—who received a sentence less than seven years.[9] We disagree because the Legislature rationally distinguished between harsher and more lenient sentences in making disproportionality review available.

■ The rational basis test governs defendant's constitutional claim. "The equal protection clauses of the state and federal constitutions have the same effect and generally require that all persons subject to state legislation shall be treated alike under similar circumstances." *Crerand v. State*, 176 Ariz. 149, 151, 859 P.2d 772, 774 (App.1993) (citing *Valley Nat'l Bank of Phoenix v. Glover*, 62 Ariz. 538, 159 P.2d 292 (1945)). However, the State has the power to treat different classes of people in different ways as long as the classification is reasonable. *State v. Beckerman*, 168 Ariz. 451, 453, 814 P.2d 1388, 1390 (App.1991). If the classification involves a fundamental right or affects a suspect or quasi-suspect class, the court will subject the statute to strict scrutiny and uphold it only if it is necessary to promote a compelling state interest. *Crerand*, 176 Ariz. at 152, 859 P.2d at 775 (citing *Big D Const. v. Court of Appeals*, 163 Ariz. 560, 566, 789 P.2d 1061, 1067 (1990)). However, legislation that does not involve a suspect classification or a fundamental right will be upheld when it is rationally related to a legitimate government purpose. *Church v. Rawson Drug and Sundry Co.*, 173 Ariz. 342, 350, 842 P.2d 1355, 1363 (App.1992).

■ No fundamental right or suspect class is involved here. Defendant is a member of the class of prisoners who were sentenced to less than seven years imprisonment. This is not a suspect class. Nor is a fundamental right implicated. "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates*

---

1. *See* A.R.S. § 13–701(C)(1) (1989), *amended by* Laws 1993, Ch. 255, § 10, 1993 Ariz.Sess.Laws 1401, 1417.

2. *See* A.R.S. § 13–702(B) (1989), *amended by* Laws 1993 Ch. 255, § 11, 1993 Ariz.Sess.Laws at 1417.

3. A.R.S. § 13–3408(D) (1989), *amended by* Laws 1993 Ch. 255, § 44, 1993 Ariz.Sess.Laws at 1450–52.

4. A.R.S. § 13–701(C)(1) (Supp.1995).

5. A.R.S. § 13–702(A)(1) (Supp.1995).

6. A.R.S. § 13–702.01(B)(1) (Supp.1995).

7. A.R.S. § 13–3408(D) (Supp.1995).

8. A.R.S. § 13–3408(D) (Supp.1995); *see* A.R.S. § 41–1604.07(A) (Supp.1995) (providing earned release credits of one day for every six days served).

9. Defendant concedes that the provisions of the revised sentencing statutes do not apply retroactively to him, but apply only to persons who commit a felony after the effective date of the revised criminal code. *See State v. Stine*, 184 Ariz. 1, 906 P.2d 58 (App.1995).

*of Neb. Penal and Correctional Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 2103–04, 60 L.Ed.2d 668 (1979) (no constitutional right to parole release); *see also Banks v. Ariz. State Board of Pardons and Paroles,* 129 Ariz. 199, 201, 629 P.2d 1035, 1037 (App.1981) (no constitutional right to commutation of sentence); *Crerand,* 176 Ariz. at 152, 859 P.2d at 775 (no constitutional right to good-time credit); *cf. People v. Alexander,* 797 P.2d 1250, 1255 (Colo.1990) (classification of sentences under Habitual Criminal Act does not involve suspect class or fundamental right).

██ We therefore test the constitutionality of the legislation by the rational basis test. To meet that test, the government's classification need only rationally further a legitimate public purpose.

The classification of inmates, allowing disproportionality review to some and denying it to others, rationally serves a legitimate governmental purpose. The object of disproportionality review is to partially ameliorate the effects of the Arizona mandatory sentencing scheme which sometimes has led to the imposition of excessively long sentences. "Improvement in sentencing is [a] rational governmental purpose." *Foster v. Washington State Board of Prison Terms and Parole,* 878 F.2d 1233, 1235 (9th Cir.1989) (citing *Mistretta v. United States,* 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989)). The House committee notes concerning the legislation indicate that only inmates in "extreme" cases should have their sentences reviewed. *See* Minutes of the House Appropriations Committee, March 30, 1994. It is rational to regard sentences of shorter duration as unlikely to be clearly excessive. Moreover, it is rational for the government to tackle only the worst aspects of a problem. Governments make such distinctions routinely—and constitutionally—in areas such as public assistance, where lines are drawn between those who are most needy and those who are less so. Thus, legislation intended to correct sentencing inequities in only extreme cases is rational.

In addition to the equitable aspects of disproportionality review, the legislature was concerned about the administrative costs and procedural complications of reviewing sentences for the entire state prison population, which then approximated 17,000 inmates. *See* Minutes of the Senate Committee on Judiciary, February 15, 1994. This is also a legitimate governmental interest and a reason to limit disproportionality review to the most egregious situations. We find that this too is a rational basis for limiting disproportionality review according to length of sentence.

There is "no denial of equal protection in having persons sentenced under one system for crimes committed before [a certain date] and another class of persons sentenced under a different system." *Foster,* 878 F.2d at 1235; *see also State v. Ferrell,* 126 Ariz. 1, 2, 612 P.2d 52, 53 (1980) (no equal protection violation when defendant who was sentenced under pre–1978 criminal code received much harsher sentence than if she were sentenced under revised criminal code); *State v. Seip,* 128 Ariz. 56, 58, 623 P.2d 845, 847 (App.1980) (no equal protection violation when defendant sentenced under revised criminal code of 1978 received presentence incarceration credit while defendant sentenced under prior criminal code did not); *Robinson v. State,* 584 A.2d 1203, 1206 (Del.1990) (no equal protection violation when defendant would have received a reduced sentence under newly-enacted Delaware Truth in Sentencing Act).

However, to decide that the classifications imposed by this legislation are rationally based does not entirely end the inquiry. The equal protection clause also requires that a law "is even-handed *as actually applied* "; a defendant bears the burden of establishing a prima facie case of uneven application. *McQueary v. Blodgett,* 924 F.2d 829, 835 (9th Cir.1991) (emphasis original). Defendant speculates that a person who committed the same crime as he did, but who received a longer sentence under the old sentencing scheme, will be released earlier under disproportionality review because of the classification created by the legislature. However, defendant has only argued this point hypothetically. He has not shown any instance in

which this has actually occurred, let alone any systematic release of prisoners who committed the same crime as defendant but who received longer sentences. Defendant therefore has not demonstrated any actual unequal treatment and consequently fails to state a cognizable claim of a violation of equal protection. *McQueary,* 924 F.2d at 835.

We hold that defendant's federal and state constitutional rights have not been violated. Because defendant was not denied equal protection of the laws, the order of the trial court partially granting post-conviction relief is reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion.

GARBARINO, P.J., and SULT, J., concur.