**Jerry Don FOSTER, Petitioner–Appellant,**

v.

**WASHINGTON STATE BOARD OF PRISON TERMS AND PAROLE, Respondent–Appellee.**

No. 88–4195.

United States Court of Appeals, Ninth Circuit.

Submitted June 30, 1989 *.
Decided July 12, 1989.

---

\* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Jerry Don Foster, pro per, Medical Lake, Wash., for petitioner-appellant.

James B. Hansen, Asst. Atty. Gen., Olympia, Wash., for respondent-appellee.

Before FARRIS, NOONAN and LEAVY, Circuit Judges.

NOONAN, Circuit Judge:

Jerry Don Foster brought a habeas corpus petition under 28 U.S.C. § 2254 seeking relief from the length of his prison term in the State of Washington. The district court denied his petition as well as denying his request for appointed counsel. Foster appeals. We affirm the district court. Because Foster's petition is one of almost one hundred similar petitions raising the same issue as to the State of Washington's Sentencing Reform Act of 1981, we publish our disposition.

## BACKGROUND

On July 28, 1982 Foster was convicted by the State of Washington of kidnapping and of robbery in the second degree. He is currently incarcerated at the Pine Lodge Correction Center of the State of Washington. The focus of his petition for habeas corpus are two changes made in the criminal law of the state.

In 1981, the state enacted a Sentencing Reform Act (SRA), effective July 1, 1984. Wash.Rev.Code § 9.94A.010 *et seq.* The SRA applies to anyone committing a crime on or after that date. The SRA created a determinate sentence system, whereby courts are to sentence defendants for fixed terms that will not be changed by action of the Board of Prison Terms and Parole (the Board). The SRA changed the system that had been in effect whereby the Board had powers that could reduce a prison sentence. With the enactment of SRA, the Board

went out of existence on July 1, 1988. *Id.* § 9.95.009(1).

After the enactment of the SRA, the legislature took note that, if the Board ceased to exist in 1988, sentences which had been imposed prior to July 1, 1984 and were still in effect on July 1, 1988 could not be reduced and therefore would, in effect, become more severe than they had been at the time of imposition. To meet this difficulty, the legislature in 1986 amended section 9.95.009(1) to provide a continuing authority in the Indeterminate Sentence Review Board to carry out the old Board's functions.

Foster contends that when the legislature in 1981 abolished the Board it created a constitutional problem it could not cure. He argues that after July 1, 1988 when, under the 1981 SRA, the Board would have ceased to exist, he should have been free because his sentence at that point under the 1981 SRA was unconstitutional.

■ Foster's argument is long on creativity, short on plausibility. Having made a blunder in 1981, the legislature timely corrected it in 1986. There is no constitutional infirmity in the SRA as amended.

■ Foster's other contentions are unpersuasive. There is no denial of equal protection in having persons sentenced under one system for crimes committed before July 1, 1984 and another class of prisoners sentenced under a different system. *See Frazier v. Manson,* 703 F.2d 30, 36 (2d Cir.), *cert. denied,* 464 U.S. 934, 104 S.Ct. 339, 78 L.Ed.2d 308 (1983). The standard is of a rational relation to governmental purpose. *Schweiker v. Wilson,* 450 U.S. 221, 230, 101 S.Ct. 1074, 1080, 67 L.Ed.2d 186 (1981). Improvement in sentencing is rational governmental purpose. *Mistretta v. United States,* — U.S. —, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). There was no due process violation, since Foster had no liberty interest created by the 1981 legislature's blunder. The district court did not abuse its discretion in denying Foster counsel to press claims of this character.

AFFIRMED.