Ronald L. **ROBINSON**, Defendant
Below, Appellant,

v.

**STATE of Delaware**, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted: Nov. 2, 1990.
Decided: Dec. 14, 1990.
Rehearing Denied Jan. 8, 1991.

Ronald L. Robinson, pro se.

Loren C. Meyers, Dept. of Justice, Wilmington, for appellee.

Before CHRISTIE, C.J., WALSH and HOLLAND, JJ.

HOLLAND, Justice:

This appeal presents questions of first impression with respect to Delaware's Truth in Sentencing Act. The defendant-appellant, Ronald L. Robinson ("Robinson"), filed a motion in the Superior Court to be "resentenced" pursuant to the Truth in Sentencing Act. The Superior Court denied that motion on the basis that the provisions of the Truth in Sentencing Act were prospective only.

In this appeal Robinson contends that the Superior Court erred as a matter of law. Alternatively, Robinson argues that if the Superior Court correctly held that the provisions of the Truth in Sentencing Act only operate prospectively, the Truth in Sentencing Act is a violation of his federal Constitution right to equal protection of the law. The State has filed a motion to affirm the judgment of the Superior Court. Supr. Ct.R. 25(a). We have concluded that both of Robinson's arguments are without merit.

*Facts*

Following a jury trial in the Superior Court, Robinson was convicted of Possession with Intent to Deliver a Narcotic Schedule II Controlled Substance, pursuant to 16 *Del.C.* § 4751, Possession with Intent

to Deliver a Non-narcotic Schedule I Controlled Substance, pursuant to 16 *Del.C.* § 4752, and Maintaining a Dwelling for Keeping Controlled Substances, pursuant to 16 *Del.C.* § 4755. Because Robinson had previously been convicted of federal drug-related crimes, he was sentenced pursuant to 16 *Del.C.* § 4763(a) which provides for increased sentences for prior offenders. Robinson was sentenced to be incarcerated for a mandatory term of eighteen years and, thereafter, placed on probation for twenty years.

Following his conviction and sentencing, Robinson did not take a direct appeal. He subsequently filed a motion for post-conviction relief pursuant to then-existing Superior Court Criminal Rule 35. After a hearing, that motion was denied by the Superior Court and affirmed by this Court on appeal. *See Robinson v. State*, Del.Supr., 509 A.2d 94 (1986) (ORDER). Thereafter, Robinson applied for a federal writ of habeas corpus, which was also denied.

On August 8, 1990, Robinson wrote a letter to the Superior Court. In his letter, Robinson asserted that the Truth in Sentencing Act of Delaware, 67 Del.Laws, ch. 130, repealed the two sections under which he was sentenced—§§ 4751 and 4752. He asked for appropriate relief. Robinson's letter was construed as a motion, pursuant to Superior Court Criminal Rule 61, requesting a modification of his sentence. The State responded to Robinson's motion. The State asserted that Robinson's request was time barred by the provisions of Superior Court Criminal Rule 61. The Superior Court denied Robinson's claim for relief.

### Issues

There are two related issues presented in this matter. First, whether Robinson is procedurally barred from bringing his claim because of its untimeliness under Superior Court Criminal Rule 61. Second, whether Robinson is eligible to be resentenced under the provisions of the Truth in Sentencing Act instead of Chapter 16 of the Delaware Code. If the second question is answered affirmatively, Robinson's claim may fall within a recognized exception to

what would otherwise appear to be the procedural time bar of Superior Court Criminal Rule 61.

### Rule 61 Time Bar

■ On January 1, 1988, new Superior Court Criminal Rule 61 became effective. Post-conviction remedies previously available under Rule 35 are now covered by Rule 61. Rule 61(i)(1) provides:

Time Limitation. A motion for post-conviction relief may not be filed more than three years after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than three years after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court.

The new three-year limitation period set forth in Rule 61(i)(1) did not become operative until one year later. On January 1, 1989, the three-year limitations period became applicable, even as to convictions entered prior to the adoption of Rule 61. *See Boyer v. State*, Del.Supr., 562 A.2d 1186, 1187–88 (1989). That time period is jurisdictional and cannot be enlarged. Super. Ct.Crim.R. 45(b).

■ Robinson was convicted on May 17, 1985. From that date, pursuant to Rule 61(i)(1), he had three years in which to file a motion for postconviction relief for reduction or correction of his sentence. However, Robinson did not file a Rule 61 motion with the Superior Court until August 8, 1990, more than three years after his conviction. Consequently, Robinson's motion would be barred by the three year limitations period. However, the time bar in Rule 61 is not absolute. *Boyer v. State*, 562 A.2d at 1188. The three-year time bar may be avoided if Robinson can demonstrate the applicability of one of the exceptions to the time bar explicitly set forth in Rule 61. *Id.*

### Truth in Sentencing Act/Retroactivity

■ Rule 61(i)(1) provides an extended limitations period if the application for postconviction relief asserts that a retroac-

tive right applies that is newly recognized after the conviction at issue is final. Robinson argues that the newly enacted Truth in Sentencing Act repealed the statutes under which he was convicted. Thus, Robinson contends that his sentence is illegal and should be corrected pursuant to Rule 61(i)(1). According to Robinson, the Truth in Sentencing Act is a retroactive right applicable to him, newly recognized, and should be applied to reduce his sentence. If this argument is valid, Robinson's motion would not be time barred, since Rule 61 allows a motion to be made within three years after the newly recognized retroactive right is established.

The Truth in Sentencing Act, in Section 3 of the Act, states:

The provisions of this Act will take effect with respect to all crimes which are committed as of 12:01 a.m., June 30, 1990 and thereafter.

Section 4 states:

The provisions of Title 11 and Title 16 which are repealed by this Act shall remain in force and effect for the purpose of trial and sentencing for all crimes which occur prior to 12:01 a.m., June 30, 1990.

*See* 16 *Del.C.* ch. 47.

Robinson is correct in his assertion that the Truth in Sentencing Act repealed the version of 16 *Del.C.* § 4751 under which he was convicted. However, with the enactment of 67 Del.Laws, ch. 130, § 15, the General Assembly continued to criminalize Possession of Narcotic Schedule I or II Controlled Substances with Intent to Deliv-

er. *Compare* 16 *Del.C.* § 4751(a) (1983) with 16 *Del.C.* § 4751(a) (Supp.1989). The savings clause in Section 4 of the Truth in Sentencing Act and the continued criminalization of the particular conduct at issue reflect the General Assembly's unambiguous intention not to abolish the offenses for which Robinson was convicted. *See Wicks v. State,* Del.Supr., 559 A.2d 1194, 1195–96 (1989).

The Truth in Sentencing Act did not take effect until 12:01 a.m., June 30, 1990. Robinson was arrested on June 18, 1984, and sentenced on May 17, 1985, more than five years before the Act became operative. While certain provisions of the Truth in Sentencing Act clearly change the statutes under which Robinson was convicted, once again, the General Assembly's intention is clear. An analysis of the Truth in Sentencing Act shows that it is not a retroactive right available to Robinson. *Compare United States v. Stewart,* 865 F.2d 115 (7th Cir.1988).[1] The Truth in Sentencing Act was never intended by the Delaware General Assembly to have a retroactive effect. Consequently, Robinson's motion for postconviction relief does not fall within the exception to the three years filing requirement in Rule 61.

### Truth in Sentencing Act/Equal Protection

Alternatively, Robinson contends that if the Truth in Sentencing Act only operates prospectively, it is unconstitutional. In particular, Robinson contends that it is a denial of his federal constitutional rights to

---

**1.** In *United States v. Stewart,* 865 F.2d 115 (7th Cir.1988), the defendant entered a plea of guilty to federal charges of conspiracy and possession of stolen goods on September 16, 1987. On November 16, 1987, he was sentenced. *Id.* at 116. On appeal, the defendant claimed that he was entitled to be sentenced under the federal Sentencing Reform Act ("SRA") which took effect on November 1, 1987. *Id.* According to the Senate Report on the SRA, the statute would apply to any offense or other event occurring on or after the effective date of the SRA. *Id.* The United States Congress subsequently amended the SRA in order to make it clear that the SRA would apply only to offenses committed after the effective date of the SRA. *Id.* at 117. The

defendant claimed he would receive more favorable treatment under the SRA and that failure to sentence him under its provisions would deny him equal protection of the law. However, the Seventh Circuit found that several portions of the SRA would adversely effect the defendant rather than benefit him. Consequently, that court found that the pressing issue before it was an *ex post facto* question of whether or not a law adverse to the defendant could be applied retroactively. It concluded that Congress' clear intent was that the SRA not apply retroactively and that the sentencing provisions in existence at the time of sentencing were applicable. *Id.* at 118.

equal protection of the law. According to Robinson, the United States Constitution prohibits a State from having two sentencing schemes for crimes by which two people convicted of the same crime are sentenced differently.

■ When a state legislature creates two different sentencing schemes for the same crimes, there is a presumption that they acted constitutionally. *Clements v. Fashing*, 457 U.S. 957, 962–3, 102 S.Ct. 2836, 2843–44, 73 L.Ed.2d 508 (1982). The equal protection clause affords the States sufficient latitude to enact legislation which may appear to affect similarly situated people differently. *Id.*

> "Under traditional equal protection principles, distinctions need only be drawn in such a manner as to bear some rational relationship to a legitimate state end. Classifications are set aside only if they are based solely on reasons totally unrelated to the pursuit of the State's goals and only if no grounds can be conceived to justify them."

*Id. See also Schweiker v. Wilson*, 450 U.S. 221, 230, 101 S.Ct. 1074, 1080–81, 67 L.Ed.2d 186 (1981).

■ Although this Court has not yet addressed the ramifications of the Delaware Truth in Sentencing Act with respect to the repealed statutes, other jurisdictions have dealt with a similar issue. In *Foster v. Wash. St. Bd. Of Prison Terms And Parole*, 878 F.2d 1233 (9th Cir.1989), the petitioner was convicted in the State of Washington for rape and kidnapping two years prior to a change in the state penal laws. In 1981, that state enacted a Sentencing Reform Act ("SRA"), effective July 1, 1984, which would apply to anyone committing a crime on or after that date. *Id.* at 1234. The petitioner had been convicted in July of 1982. *Id.* The petitioner claimed that he was denied equal protection under the SRA because persons convicted of a crime before July 1, 1984 were treated differently than those who committed the same crime after July 1, 1984. The Ninth Circuit affirmed the petitioner's sentence when it applied the rational relationship test and found that improvements in sentencing was a rational government purpose. *Id.* at 1235. *See also Mistretta v. United States*, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989); and *Swinson v. U.S. Parole Comm'n*, 682 F.Supp. 29 (E.D. N.C.1988), *aff'd*, 849 F.2d 606 (4th Cir.1988) (enactment of the SRA in order to equalize prison sentences for prisoners similarly situated by eliminating discretionary aspects of parole is rationally related to this legitimate government purpose.)

In an earlier case, *Frazier v. Manson*, 703 F.2d 30 (2nd Cir.1983), the Second Circuit upheld a Connecticut sentence reform statute which applied to prisoners sentenced on or after October 1, 1976. *Id.* at 32. The appellant in that case had been sentenced in 1973. *Id.* The Second Circuit found that the legislature's classification was constitutional. *Id.* at 35.

> "There is no requirement that two persons convicted of the same offense receive identical sentences." A legislature may prospectively reduce the maximum penalty for a crime even though prisoners sentenced to the maximum penalty before the effective date of the act would serve a longer term of imprisonment than one sentenced to the maximum term thereafter.

*Id.* at 36, citing *Williams v. Illinois*, 399 U.S. 235, 243, 90 S.Ct. 2018, 2023, 26 L.Ed.2d 586 (1970).

We find the foregoing authorities persuasive. We have concluded that although the Truth in Sentencing Act has the effect of creating a dual system of sentencing, in that prisoners convicted of the same crime will be sentenced differently depending on whether the crime was committed before or after June 30, 1990, there is a rational basis for the General Assembly's enactment of such legislation. Therefore, we hold that Robinson has no federal Constitutional right to a modification or reduction of his sentence, as a matter of equal protection.

### Conclusion

The State's motion is GRANTED. The decision of the Superior Court, denying

Robinson's application for post-conviction relief, is AFFIRMED.