967 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Douglas C. LOCKREM, Plaintiff-Appellant, v
Booth GARDNER, Defendant-Appellee.
 No. 91-35665.
 United States Court of Appeals, Ninth Circuit.
 June 18, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Douglas C. Lockrem, a Washington state prisoner, appeals pro se the dismissal of his 42 U.S.C. § 1983 civil rights action challenging a term of imprisonment imposed by the Washington Indeterminate Sentence Review Board (ISRB) after his parole was revoked. Lockrem contends that the district court erred by construing the section 1983 action as requesting habeas corpus relief and summarily denying it on the merits rather than staying it until he exhausted state remedies. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 A writ of habeas corpus is the exclusive federal remedy for challenging the length of a state prison sentence; accordingly, a section 1983 action seeking damages based on the length of a sentence must be stayed pending disposition of habeas proceedings. Young v. Kenny, 907 F.2d 874, 876-77 (9th Cir.1990), cert. denied, 111 S.Ct. 1090 (1991). Nonetheless, regardless of whether a prisoner has exhausted state remedies on a habeas claim, the district court may summarily deny the claim if it is clear from the face of the petition that the prisoner is not entitled to relief. Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir.1983) (citing Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254).
 
 
 4
 Lockrem was convicted of crimes committed before July 1, 1984. While on parole in July 1990 he attacked another man with a baseball bat. His parole was revoked and he was given a new minimum term of 60 months. He contends that the ISRB denied him equal protection and violated the ex post facto clause by failing to apply the Washington Sentencing Reform Act (SRA), Wash.Rev.Code. § 9.94A.010 et seq.
 
 
 5
 Because Lockrem challenges the length of his sentence, the district court did not err by finding that he sought habeas relief. See Young, 907 F.2d at 876-77. Moreover, because Lockrem's constitutional challenges fail, the district court properly dismissed the action rather than staying it.
 
 
 6
 "There is no denial of equal protection in having persons sentenced under one system for crimes committed before July 1, 1984 and another class of prisoners sentenced under a different system" because the change in the Washington state sentencing system served the rational governmental purpose of improvement in sentencing. Foster v. Washington State Bd. of Prison Terms and Parole, 878 F.2d 1233, 1235 (9th Cir.1989). Accordingly, Lockrem's sentence did not violate equal protection.[1]
 
 
 7
 The ex post facto clause prohibits the retrospective application of a law if it disadvantages a criminal defendant. Miller v. Florida, 482 U.S. 423, 430 (1987). The SRA does not apply retrospectively to defendants who committed crimes before its effective date. Wash.Rev.Code § 9.94A.905. The 1986 amendment to the SRA, which continued the authority of the ISRB, avoided disadvantaging prisoners such as Lockrem who otherwise no longer would have had a procedure for receiving sentence reductions. See Foster, 878 F.2d at 1234-35 (discussing Wash.Rev.Code § 9.95.009). Accordingly, the ex post facto clause is not implicated. See Miller, 423 U.S. at 430.[2]
 
 
 8
 Because it is clear from the face of Lockrem's pleadings that his two constitutional claims are meritless, the district court did not err by summarily denying habeas relief. See Gutierrez, 695 F.2d at 1198. Because the habeas claims failed, Lockrem's section 1983 action also was properly dismissed. See White v. Roper, 901 F.2d 1501, 1503 (9th Cir.1990) (section 1983 plaintiff must prove that a person acting under color of state law committed an act that deprived the plaintiff of a right, privilege, or immunity protected by the Constitution or laws of the United States).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This three-judge panel does not have authority to overrule Foster, as Lockrem requests. See Guam v. Ibanez, 880 F.2d 108, 112 n. 4 (9th Cir.1989), cert. denied, 110 S.Ct. 2631 (1990)
 
 
 [2]
 We do not address Lockrem's challenge to Wash.Rev.Code § 9.95.009(3) (1990) because he did not raise this claim below. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987)