981 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Wesley BERGDAHL, Petitioner-Appellant,
v.
James BLODGETT, Respondent-Appellee.
 No. 92-35314.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 8, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jon Wesley Bergdahl, a Washington state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253 and review the denial de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We affirm.
 
 
 3
 Bergdahl raises the following three claims on appeal: 1) his rights under the equal protection clause of the fourteenth amendment were violated because he received a longer sentence from the Indeterminate Sentence Review Board (hereinafter ISRB) for violating his parole than he would have received under the Washington Sentencing Reform Act, Wash.Rev.Code § 9.94A, which came into effect after his conviction became final; 2) he was denied due process because the parole term set by the ISRB exceeded the ranges provided by the Sentencing Reform Act; and 3) amending the Sentencing Reform Act to extend the ISRB's authority over his probation revocation violated the ex post facto clause. Respondent contends that we should not consider the ex post facto claim because it is not exhausted.
 
 Exhaustion
 
 4
 Ordinarily, a federal court must dismiss a habeas petition which contains both exhausted and unexhausted claims to allow the state court to hear all the claims raised in federal court. Rose v. Lundy, 455 U.S. 509, 518 (1982). A habeas court, however, may consider a petition where the petitioner's case lacks merit and requiring further litigation in state court would be useless. Acosta-Huerta v. Estelle, 954 F.2d 581, 584 (9th Cir.1992). Bergdahl's habeas petition is such a case, and we therefore consider the petition on the merits.
 
 Equal Protection
 
 5
 This court has recently held that petitioners who receive longer sentences from the ISRB than they would have under the Sentencing Reform Act are not denied equal protection. McQueary v. Blodgett, 924 F.2d 829, 835 (9th Cir.1991); see also Foster v. Indeterminate Sentence Review Board, 878 F.2d 1233, 1235 (9th Cir.1989). A petitioner states an equal protection claim only when he can demonstrate that defendants sentenced by the ISRB systematically received lesser sentences. McQueary, 924 F.2d at 835.
 
 
 6
 Bergdahl does not claim that defendants who violated parole systematically received lesser sentences from the ISRB. Therefore, his claim lacks merit. See id.
 
 Due Process
 
 7
 Bergdahl contends that he was denied due process of law because he was given a total minimum term greater than the Sentencing Reform Act ranges for his crimes. Under Washington law, the ISRB could impose a new minimum term upon revocation of parole based upon the offender's lack of rehabilitation. Personal Restraint of Locklear, 823 P.2d 1078, 1080 (Wash.1992). Moreover, a claim that a petitioner should not have a received a particular sentence under state law is not cognizable on federal habeas, absent a showing of fundamental unfairness. Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir.1989).
 
 
 8
 Bergdahl's original conviction involved substance abuse which led the parole Board to place conditions on his parole to control his abuse of alcohol. After he was paroled, however, Bergdahl was cited six times for driving while intoxicated and committed an armed robbery while drunk. The ISRB was within its power to determine that Bergdahl had not been rehabilitated from his alcohol abuse and impose a term exceeding the Sentencing Reform Act range. Bergdahl has not shown that his sentence was fundamentally unfair. Therefore, his claim lacks merit.
 
 Ex Post Facto
 
 9
 Bergdahl's last contention is that having the ISRB determine his parole revocation sentence violated the ex post facto clause because the ISRB was created after he was convicted. Washington law, however, simply redesignated the former Board of Prison Terms and Paroles as the ISRB. Wash.Rev.Code § 9.95.009(2). Moreover, there is no violation of the ex post facto clause without a showing that the new statute increased the punishment for a crime after its commission. Collins v. Youngblood, 497 U.S. 37, 42 (1990). Bergdahl has not shown that having the ISRB determine his sentence increased the punishment for parole revocation compared to a determination by the former Board of Prison Terms and Paroles. Therefore, we affirm the judgment of the district court.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3