MEMORANDUM **
Justin Hegney appeals the denial of his petition for writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.
A district court’s decision to deny a federal habeas petition is reviewed de novo. Koerner v. Grigas, 328 F.3d 1039, 1045 *3 (9th Cir.2003). Pursuant to the Antiter-rorism and Effective Death Penalty Act (“AEDPA”), a habeas petition
shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim ... resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.
28 U.S.C. § 2254(d)(1).
There is no clearly established federal law creating a right to a jury and a reasonable doubt standard in a juvenile decline proceeding. See State v. Kalmakoff, 122 P.3d 224, 227 (Alaska Ct.App.2005). Hegney urges the announcement of a new rule requiring a jury and a reasonable doubt standard, and argues that the claim is not barred by Teague v. Lane, 489 U.S. 288, 309-10, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Under AEDPA, however, we consider only whether the state court’s ruling was contrary to, or an unreasonable application of, Supreme Court precedent. Thus, we are bound to defer to the state coui't’s determination regardless of whether we formulate a new rule.
Hegney was not similarly situated to juveniles whose cases are retained in juvenile court, subject to the manifest injustice determination. See Kent v. United States, 383 U.S. 541, 566-67, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). Additionally, because no Supreme Court case requires states to make changes to them penal code retroactive to avoid an equal protection violation, the state court did not err in rejecting Hegney’s claim that Wash. Rev. Code § 9.94A.540(1) should have been applied to him. See Foster v. Wash. State Bd. of Prison Terms & Parole, 878 F.2d 1233, 1235 (9th Cir.1989). Furthermore, the state legislature had a rational basis to improve its sentencing scheme gradually. See Powell v. Ducharme, 998 F.2d 710, 716 (9th Cir.1993); Foster, 878 F.2d at 1235. Therefore, the state court did not act contrary to or engage in an unreasonable application of Supreme Court precedent when it rejected Hegney’s equal protection claims.
Hegney claims that treating him as an adult defendant, rather than as a juvenile, violated his Eighth Amendment rights. However, he has not shown that doing so was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court. See Harris v. Wright, 93 F.3d 581, 583 (9th Cir.1996) (citing Trop v. Dulles, 356 U.S. 86, 101, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958)). The state court’s determination that the international treaties cited by Hegney did not change its Eighth Amendment analysis also was not contrary to, or an unreasonable application of, clearly established federal law.
The state court’s rejection of Hegney’s ineffective assistance of counsel claim was not contrary to or an unreasonable application of federal law. See Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The state court reasonably determined that even if Hegney’s attorney’s performance was deficient, that deficiency did not prejudice Hegney’s decline hearing. See Knowles v. Mirzayance, — U.S. -, 129 S.Ct. 1411, 1419, 173 L.Ed.2d 251 (2009).
The court’s finding that the prosecutor had no duty to disclose evidence that was not in the prosecution’s possession or control during the decline hearing was not contrary to, or an unreasonable application of federal law, see Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and a review of the record shows that there was no “reason *4 able probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different,” United States v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). Further, the “to convict” jury instruction, read in conjunction with the instruction that the jury determine separately the guilt or innocence of Hegney and his co-defendant, was appropriate, and there was no reasonable likelihood that the jury applied the challenged instruction in an inappropriate manner. Estelle v. McGuire, 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).
The admission of statements by co-defendant Jesse Hill was not contrary to, nor did it involve an unreasonable application of, clearly established federal law on the Confrontation Clause. See Richardson v. Marsh, 481 U.S. 200, 209, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987). The testifying detective providing redacted testimony about Hill’s statements “eliminate[d] not only [Hegney’s] name, but any reference to his ... existence.” Richardson, 481 U.S. at 211, 107 S.Ct. 1702. Any facts that may have “allowed the jury to infer that [the co-defendant’s] statement implicated [the defendant] came through though other, properly admitted evidence.” Mason v. Yarborough, 447 F.3d 693, 696 (9th Cir.2006). Under the AEDPA standard of review, Hegney is not entitled to relief.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.