Superior Court
of the
State of Delaware

Jan R. Jurden
*President Judge*

Leonard L. Williams Justice Center
500 North King Street, Suite 10400
Wilmington, Delaware 19801-3733
Telephone (302) 255-0654

Joseph M. Walls
SBI No. 107897
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Date Submitted:    June 4, 2019
Date Decided:      September 12, 2019

*Motion to Declare Delaware's Sentencing Structure in Violation of the Eight Amendment of the United States Constitution in that it Creates Disproportionate Sentencing for Defendants who are Similarly Suited Because of Age and Status and Time of Sentencing:* **DENIED**

RE:   <u>**State v. Joseph M. Walls; ID No. 86001399DI**</u>

Dear Mr. Walls:

The Court is in receipt of your "Motion to Declare Delaware's Sentencing Structure in Violation of the Eighth Amendment of the United States Constitution in that it Creates Disproportionate Sentencing for Defendants who are Similarly Suited Because of Age and Status and Time of Sentencing."[1]

In your Motion, you allege that your "Eighth Amendment Rights to equal treatment under the law" have been violated because you are not eligible for review or modification of your criminal sentences under 11 *Del. C.* § 4204A or 11 *Del. C.* § 4214. Based on this alleged constitutional violation, you conclude that Delaware's "sentencing statute . . . must be vacated" and all defendants must be allowed "to have reviews after an established amount of years equal to §

---

[1] D.I. 194.

4204A." Your Motion does not identify a specific procedural mechanism through which the Court may consider your claims.[2]

To the extent that you are seeking relief pursuant to Superior Court Criminal Rule 35(a) because you believe your sentence is illegal,[3] your arguments are without merit. Respectively, 11 *Del. C.* § 4204A and 11 *Del. C.* § 4214(f) permit juveniles and habitual offenders who otherwise qualify for relief under the specific terms of those statutory provisions to petition the Court for a review of sentence. The fact that you are not eligible for relief under these provisions neither substantiates a violation of your equal protection rights[4] nor establishes that your sentences were imposed illegally.[5]

To the extent that you are seeking relief pursuant to Superior Court Criminal Rule 61, your claims are procedurally barred. Pursuant to Rule 61(d)(2) a second or subsequent Rule 61 motion shall be summarily dismissed unless the movant either (i) "pleads with particularity new evidence exists that creates a strong

---

[2] *Cf. State v. Remedio*, 108 A.3d 326, 329 (Del. Super. Ct. 2014) ("When addressing a sentence reduction application, the Court must first identify the specific procedural mechanism the inmate attempts to invoke; it must then determine whether that mechanism is available under the circumstances.").

[3] Rule 35(a) permits the Court to correct an illegal sentence at any time. *See Marvel v. State*, 207 A.3d 1128 (Del. 2019) (citing *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998)) ("A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.").

[4] *See Robinson v. State*, 584 A.2d 1203, 1206 (Del. 1990) (citing *Clements v. Fashing*, 457 U.S. 957, 962–63 (1982)) ("When a state legislature creates two different sentencing schemes for the same crimes, there is a presumption that they acted constitutionally."); *Harmelin v. Michigan*, 501 U.S. 957, 997 (1991) (Justice Kennedy concurring in part and concurring in judgment) (explaining that the Eighth Amendment encompasses a narrow proportionality principle that prohibits sentences which are "greatly disproportionate" *to the conduct being punished*).

[5] *See State v. Desmond*, 2019 WL 3284688, at *2 (Del. Super. Ct. July 10, 2019) ("Neither § 4204A nor § 4214 have any bearing on Defendant's sentence, as he was not sentenced as juvenile or as a habitual offender. The retroactive application of these specific statutes to unintended defendants would be inappropriate and would circumvent the General Assembly's intent. The application of these statutes to the designated classes of defendants does not violate any constitutional rule."); *Robinson*, 584 A.2d at 1206 (explaining that a defendant sentenced prior to the enactment of Delaware's Truth-in-Sentencing Act could not establish a constitutional right to a reduction or modification of sentence under the Truth-in-Sentencing Act as a matter of equal protection despite the fact that "the Truth in Sentencing Act has the effect of creating a dual system of sentencing, in that prisoners convicted of the same crime will be sentenced differently depending on whether the crime was committed before or after June 30, 1990").

inference that the movant is actually innocent in fact" or (ii) "pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case." This is not your first Rule 61 motion.[6] You do not allege that there is new evidence of actual innocence in your case that satisfies Rule 61(d)(2)(i), and your constitutional arguments do not cite a new, retroactive rule of constitutional law that satisfies Rule 61(d)(2)(ii). Therefore, your Motion is procedurally barred under Rule 61(d)(2).

For the foregoing reasons, your Motion is **DENIED**.

**IT IS SO ORDERED.**

Very truly yours,

Jan R. Jurden
President Judge

cc:    Prothonotary
       Maria T. Knoll, DAG

---

[6] *See, e.g.*, D.I. 62, 90, 104.

3