IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANDRE C. WALKER, | § | |
| | § | |
| Defendant Below, | § | No. 539, 2019 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1005009912 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 2, 2020
Decided: May 4, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## ORDER

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Andre C. Walker, filed this appeal from the Superior Court's December 5, 2019 order denying his request for a sentence review. The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Walker's opening brief that the appeal is without merit. We agree and affirm.

(2) The record reflects that, in November 2010, a Superior Court jury found Walker guilty of first-degree robbery and other crimes. The Superior Court

sentenced Walker: (i) for first-degree robbery, as an habitual offender under 11 *Del. C.* § 4214(b), to life imprisonment without the award of good time; and (ii) for possession of a deadly weapon during the commission of a felony, criminal mischief, resisting arrest, and two counts of aggravated menacing, to an aggregate of seventeen years of Level V incarceration, suspended after ten years for Level III probation. On appeal, this Court affirmed the Superior Court's judgment.[1] After reversing the Superior Court's denial of Walker's motions for appointment of counsel and postconviction relief, this Court affirmed the Superior Court's denial of the motion for postconviction relief that Walker filed with the assistance of counsel.[2] The Superior Court denied motions for sentence reduction that Walker filed in 2011 and 2016.

(3)     Effective July 19, 2016, the General Assembly amended the Habitual Offender Statute, 11 *Del. C.* § 4214. Eligible people who were sentenced as habitual criminals before July 19, 2016 could petition the Superior Court, beginning on January 1, 2017, for modification of their sentences.[3] According to Walker, the Public Defender's Office informed him in 2017 that he was not eligible for sentence modification under § 4241(f).

---

[1] *Walker v. State*, 2011 WL 3904991 (Del. Sept. 6, 2011).
[2] *Walker v. State*, 2016 WL 2654347 (Del. May 2, 2016).
[3] 11 *Del. C.* § 4214(f) (2016).

(4)     In a letter dated June 7, 2019, Walker asked the Superior Court to review his sentences.  The Superior Court denied Walker's request, finding that his sentence was not illegal under Superior Court Criminal Rule 35(a), that his request for sentence reduction was repetitive and untimely under Rule 35(b), and that the § 4214 amendments Walker relied upon did not apply retroactively.  This appeal followed.

(5)     We review the Superior Court's denial of a motion for sentence correction or modification for abuse of discretion.[4]  We review questions of law and the Superior Court's construction of a statute *de novo*.[5]

(6)     In his opening brief, Walker argues that: (i) the Superior Court erred in reviewing his sentence under Rule 35 because he sought relief under § 4214(f); (ii) the sentencing and good time provisions of amended § 4214 should apply retroactively to his 2011 sentence; and (iii) in the absence of retroactive application of amended § 4214, his life sentence for first-degree robbery is unconstitutional. These claims are without merit.

(7)     The Superior Court did not err in considering Walker's request for sentence modification under Rule 35.  Walker argued that his sentence was illegal and required correction, which implicated Rule 35(a).  In addition, the Superior

---

[4] *Benge v. State*, 101 A.3d 973, 976-77 (Del. 2014); *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[5] *Fountain v. State*, 139 A.3d 837, 840 (Del. 2016).

3

Court addressed Walker's argument that the sentencing and good time provisions of amended § 4214 applied retroactively to his life sentence.

(8)     To the extent Walker claims he is currently eligible to apply for sentence modification under § 4214(f), he is incorrect. Walker cannot apply for sentence modification under § 4214(f) until after he "has served a sentence of incarceration equal to any applicable mandatory sentence otherwise required by this section or the statutes describing said offense or offenses, whichever is greater."[6] This is a requirement, not a suggestion as Walker claims, for § 4214(f) eligibility. Walker and the State agree that the applicable mandatory sentence required for his first-degree robbery conviction under amended § 4214 is twenty-five years of imprisonment.  The effective date of Walker's first-degree robbery sentence is May 13, 2010, so he still has approximately fifteen years left to serve of the twenty-five years required under amended § 4214.

(9)     To circumvent his current ineligibility for sentence modification under § 4214(f), Walker argues that the sentencing and good time provisions of amended § 4214 apply retroactively to his first-degree robbery sentence, which he claims would result in a twenty-five year sentence subject to good time.[7]  Walker's argument is contrary to the plain language and legislative history of amended § 4214.

---

[6] 11 *Del. C.*  4214(f) (2018).
[7] Walker fails to acknowledge that amended § 4214 permits the Superior Court to impose an habitual offender sentence of up to life imprisonment.

Amended § 4214 does not provide for retroactive application of the sentencing and good time provisions to habitual offender sentences imposed before July 19, 2016, but does address such sentences in subsection (f).[8] Subsection (f) authorizes, but does not require, the modification of habitual offender sentences imposed before July 19, 2016 that meet certain criteria.[9] If the General Assembly intended for the sentencing provisions of subsections (a)-(d) and the good time provision of subsection (e) to apply retroactively to habitual offender sentences imposed before July 19, 2016 as Walker contends, then the General Assembly could have included language to that effect.[10] The General Assembly did not do so. Instead, the General Assembly chose to address sentences imposed before July 19, 2016 in subsection (f).

(10) The legislative history further reflects the General Assembly's intent to distinguish between habitual offenders sentenced under the amended statute versus people in Walker's circumstances who were sentenced under prior versions of the

[8] 11 *Del. C.* 4214(f) ("Notwithstanding any statute, court rule or regulation to the contrary, beginning January 1, 2017, *any person sentenced as an habitual criminal* to a minimum sentence of not less than the statutory maximum penalty for a violent felony pursuant to subsection (a) of this section, or a life sentence pursuant to subsection (b) of this section *prior to July 19, 2016*, shall be eligible to petition the Superior Court for sentence modification after the person has served a sentence of incarceration equal to any applicable mandatory sentence otherwise required by this section or the statutes describing said offense or offenses, whichever is greater.") (emphasis added).

[9] *Id.* ("Nothing in this section, however, shall require the Court to grant such a petitioner a sentence modification pursuant to this section.").

[10] *See, e.g., Fountain*, 139 A.3d at 842-43 (finding that the Amended Sentencing Act did not apply retroactively and noting the General Assembly's silence on retroactivity).

statute. As set forth in the synopsis to the original bill, "[t]his Act makes changes to the existing habitual criminal statute by focusing penalties on Title 11 felonies, eliminating a mandatory minimum sentence of life imprisonment, and *providing a mechanism for those convicted under existing law to petition the court for a sentence modification*."[11] This legislative history does not support Walker's argument that the General Assembly intended the sentencing and good time provisions of amended § 4214 to apply retroactively. For his first-degree robbery conviction, Walker remains subject to a life sentence without the benefit of good time.[12]

(11) Finally, Walker's life sentence for first-degree robbery is not unconstitutional. Walker argues that he is denied equal protection of the law because he is subject to a different sentence than someone sentenced under amended § 4214.

---

[11] Del. S.B. 163 syn., 148th Gen. Assem. (2016).

[12] At the time of his crimes and sentencing, § 4214(b) provided:

> Any person who has been 2 times convicted of a felony or an attempt to commit a felony hereinafter specifically named, under the laws of this State, and/or any other state, United States or any territory of the United States, and who shall thereafter be convicted of a subsequent felony hereinafter specifically named [including first-degree robbery], or an attempt to commit such specific felony, is declared to be an habitual criminal, and the court in which such third or subsequent conviction is had, in imposing sentence, shall impose a life sentence upon the person so convicted unless the subsequent felony conviction requires or allows and results in the imposition of capital punishment….

> Notwithstanding any provision of this title to the contrary, any sentence imposed pursuant to this subsection shall not be subject to suspension by the court, and shall be served in its entirety at a full custodial Level V institutional setting without benefit of probation, parole, earned good time or any other reduction.

11 *Del. C.* § 4214(b) (2004 & 2010).

6

This Court rejected a similar argument after enactment of the Truth-in-Sentencing Act in *Robinson v. State*.[13]

(12) In *Robinson*, the defendant argued that if the Truth-in-Sentencing Act did not apply retroactively to his sentence, then he would be deprived of equal protection of the law because a state cannot have two sentencing schemes that result in different sentences for the same crimes.[14] Recognizing that there is a presumption of constitutionality when a state legislature creates two different sentencing schemes for the same crimes, this Court concluded that there was a rational basis for enactment of the Truth-in-Sentencing Act (improvements in sentencing) and found no equal protection violation.[15] As in *Robinson*, there is a rational basis for the General Assembly's amendment of § 4214 and those amendments do not deny Walker equal protection of the law.[16]

(13) To the extent Walker also claims that his life sentence violates *ex post facto* principles, he fails to acknowledge that amended § 4214 did not retroactively increase his first-degree robbery sentence. The "*ex post facto* clause prohibits the

---

[13] 584 A.2d 1203 (Del. 1990).
[14] *Id.* at 1207.
[15] *Id.*
[16] *See id. See also Romero v. Plough*, 2013 WL 136031, at *3 (10th Cir. Jan. 11, 2013) (finding that the appellant failed to plead an equal protection claim based on later amendments to the Colorado habitual offender statute).

7

retroactive application of a law that 'changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed.'"[17]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[17] *Chambers v. State*, 93 A.3d 1233, 1235 (Del. 2014) (quoting *Calder v. Bull*, 3 U.S. 386, 389 (1798)).