IN THE SUPREME COURT OF THE STATE OF DELAWARE

TYRONE ANDERSON, §
§ No. 297, 2023
Defendant Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 1608006981 (N)
STATE OF DELAWARE, §
§
Appellee. §

Submitted: October 10, 2023
Decided: October 24, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)     Tyrone Anderson filed this appeal from the Superior Court's denial of a motion for correction of illegal sentence.  The State has moved to affirm the judgment below on the ground that it is manifest on the face of Anderson's opening brief that his appeal is without merit.[1]  For the reasons stated below, we affirm.

(2)     In 2017, a Superior Court jury found Anderson guilty of multiple drug offenses and second-degree conspiracy.  The charges arose from conduct that

---

[1] Anderson complains that the State's motion to affirm exceeded the "four-page limit."  He misreads the Court's rules, which establish a 1,200-word limit for motions to affirm filed by parties with access to a word-processing program.  DEL. SUPR. CT. R. 25(a); *id.* R. 30(d).

occurred in 2016. The Superior Court sentenced Anderson to a non-suspended aggregate of twenty years of incarceration, followed by decreasing levels of supervision. This Court affirmed on direct appeal[2] and on appeal from the denial of postconviction relief.[3]

(3) On July 12, 2023, Anderson filed a motion for correction of illegal sentence under Superior Court Rule of Criminal Procedure 35(a). He argued that his sentence is illegal because Delaware law was amended to eliminate certain sentence aggravators after he was convicted and sentenced; he asserted that failure to retroactively apply the statutory amendments to him violates the Equal Protection Clause of the United States Constitution. The Superior Court denied Anderson's motion as untimely under Rule 35(b) and because the statutory amendments on which Anderson relied did not apply retroactively. Anderson has appealed to this Court. He argues that the Superior Court erred by treating the motion as a motion for sentence modification under Rule 35(b) and by denying his claim on the merits.

(4) Anderson has not demonstrated that he is entitled to relief under either Rule 35(a) or Rule 35(b).[4] We review the denial of a motion under Rule 35 for abuse

---

[2] *Anderson v. State*, 2018 WL 6344697 (Del. Dec. 4, 2018).
[3] *Anderson v. State*, 2021 WL 5023363 (Del. Oct. 27, 2021).
[4] *See Unitrin, Inc. v. Am. Gen. Corp.*, 651 A.2d 1361 (Del. 1995) (stating that this Court may affirm a trial court's decision "on the basis of a different rationale than that which was articulated by the trial court").

of discretion.[5] To the extent that the claim involves a question of law, we review the claim *de novo*.[6] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[7]

(5) Anderson argues that Senate Bill 47, enacted in 2019,[8] eliminated certain sentence aggravators that applied to his offenses and that the Equal Protection Clause requires that he be resentenced in accordance with the statute as amended. Anderson's claim is without merit. "It is a general rule that statutory amendments operate prospectively unless the legislature expressly states, to the contrary, that the amendments shall be retrospective."[9] The General Assembly did not provide for retroactive application of Senate Bill 47,[10] nor did the General Assembly establish a mechanism by which defendants who committed their offenses and were sentenced

---

[5] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014); *Benge v. State*, 101 A.3d 973, 976-77 (Del. 2014) ("We review the denial of a motion for modification of sentence and the denial of a motion for reargument for abuse of discretion.").

[6] *Fountain*, 2014 WL 4102069, at *1.

[7] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[8] 2019 Del. Laws ch. 217 (S.B. 47) (approved Sept. 16, 2019).

[9] *Fountain v. State*, 139 A.3d 837, 841 (Del. 2016).

[10] *See* 2019 Del. Laws ch. 217, § 21 (S.B. 47) (approved Sept. 16, 2019) ("This Act takes effect 90 days after its enactment into law.").

before the statute was amended could get relief.[11]  Moreover, contrary to Anderson's argument, prospective application of the 2019 amendments does not violate the Equal Protection Clause.[12]

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[11] *Cf. Fountain*, 139 A.3d at 842 ("[T]he General Assembly would have spoken specifically if it intended the Amended Sentencing Act to operate retroactively because for it to do so sensibly, other changes to give retroactivity meaning were needed. . . .  [Because of the 90-day time bar under Rule 35(b)], retroactive application of the Amended Sentencing Act would have a hollow meaning for offenders, as the General Assembly would have provided no vehicle by which an offender who had been sentenced before its effective date could employ it to get relief.").

[12] *See Robinson v. State*, 584 A.2d 1203, 1205-06 (Del. 1990) (holding that the Truth in Sentencing Act did not violate the Equal Protection Clause by applying only prospectively and thereby creating a "dual system of sentencing" for defendants convicted of the same crimes committed at different times); *see also Walker v. State*, 2020 WL 2125803, at *2 (Del. May 4, 2020) (rejecting argument that failure to apply amended habitual-offender sentencing provisions retroactively deprived appellant of equal protection of the law).